# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK SMITH, <br> # M10365, <br>     Plaintiff, <br> vs. <br> RYAN ZIEGLER, <br> DONALD ROUNDTREE, <br> BRYAN EISENHOUER, <br> JOHNATHAN WEBB, and <br> JOHN DOE, <br>     Defendants. | Case No. 19-cv-00074-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mark Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, which occurred while he was an inmate at Menard Correctional Center ("Menard"). Plaintiff alleges constitutional and state law claims and is seeking monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

# THE COMPLAINT

Plaintiff makes the following allegations: On April 23, 2017, while being escorted to the Menard Health Care Outpatient Unit ("HCU") to be treated for injuries received unrelated to the Complaint, several officers threatened to kill him. (Doc. 1, p. 2). While waiting handcuffed in the HCU to see medical personnel, Defendants Lieutenant Zeigler and Corrections Officers Roundtree, Eisenhouer, and Webb entered the room and began physically assaulting Plaintiff, joined at some point by an unidentified corrections officer (John Doe). *Id.*, p. 3. As he was being assaulted, he was told numerous times by officers that they were going to kill him, and he started to fear for his life. *Id.*, p. 4. Twice during the assault Zeigler put a plastic bag sprayed with pepper spray over Plaintiff's head making it difficult for him to breath. *Id.* Following the incident, Plaintiff was transported to Pontiac Correctional Center on an emergency transfer. *Id.*, p. 5. Two of the emergency transport team members took photos of Plaintiff's injuries. *Id.*, pp. 5-6.

Plaintiff sustained a number of injuries from the beating which still affect him, including sporadic numbness in his arms, as well as damage to his vision and random sharp pains throughout his body. *Id.*, p. 5.

# DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following nine counts:

**Count 1:** Eighth Amendment claim of excessive force against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe for physically assaulting Plaintiff on April 23, 2017.

**Count 2:** Eighth Amendment claim of deliberate indifference to a serious medical need against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe.

| | |
|---|---|
| **Count 3:** | Eighth Amendment claim for failure to protect Plaintiff from or intervene in the physical assault on April 23, 2017, against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe. |
| **Count 4:** | Fourteenth Amendment due process claim against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe. |
| **Count 5:** | Fourteenth Amendment equal protection claim against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe. |
| **Count 6:** | Assault and battery claim in violation of Illinois state law against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe for physically assaulting Plaintiff on April 23, 2017. |
| **Count 7:** | Intentional infliction of emotional distress claim in violation of Illinois state law against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe for physically assaulting Plaintiff on April 23, 2017. |
| **Count 8:** | Official misconduct claim against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe. |
| **Count 9:** | Negligence claim in violation of Illinois state law against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

As a preliminary matter, it is unclear whether Plaintiff asserts claims against more than one John Doe defendants. In the case caption and at points in the Complaint, Plaintiff refers to a singular John Doe correctional officer, but uses the plural "John Does" at other points. The Court will not treat parties not in the case caption as defendants. *See Myles v. United States*, 416 F.3d 551, 551-552 (7th Cir. 2005). The Court interprets the John Doe named in the caption to be the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

John Doe correctional officer who directly participated in the beating inside the HCU. To the extent Plaintiff wishes to assert claims against more than one John Doe, he must amend his pleading to designate any other unknown individuals and allege what personal involvement each had in the deprivation of his constitutional rights (for example, "Correctional Officer John Doe #3 stood outside the room and chose not to intervene).

## CONSTITUTIONAL CLAIMS

### COUNT 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Because Plaintiff alleges that Defendants continually beat him and placed a plastic bag that had been sprayed with pepper spray over his head, the Complaint sets forth sufficient allegations to proceed on the excessive force claim of Count 1.

### COUNT 2

In order to state a claim for deliberate indifference to a serious medical need under the Eighth Amendment, an inmate must show: (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter,* 836 F.3d 722, 727 (7th Cir. 2016).

Plaintiff claims he was waiting to be treated for physical injuries he had previously received when he was attacked by Defendants in the HCU inflicting further injuries and denying him

4

medical care. Plaintiff has adequately alleged enough facts to proceed on his Eight Amendment claim for deliberate indifference to a serious medical need. Count 2 will proceed against Ziegler, Roundtree, Eisenhouer, Webb, and John Doe.

## COUNT 3

Prison officials may be held liable under the Eighth Amendment if they had "a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail[ed] to do so[.]". *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F. 3d 282, 285 (7th Cir. 1994)). A plaintiff must necessarily show an underlying constitutional violation to prevail on a claim of bystander liability. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005).

Plaintiff has sufficiently claimed that Defendants—in the HCU and participating in the use of excessive force— had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Lewis v. Richards,* 107 F.3d 549, 553 (7th Cir. 1997) (quoting *McGill v. Duckworth*, 944 F 3d 344, 348 (7th Cir. 1991). Count 3 will also proceed past threshold.

## COUNTS 4 AND 5

Plaintiff's due process and equal protection claims are dismissed because he has not alleged facts necessary to support either claim. An equal protection claim requires a plaintiff to establish that a state actor treated him unfairly because of his membership in a particular class. *Shervin Manor Nursing Ctr. V. McAuliffe,* 37 F. 3d 1216, 1220 (7th Cir. 1994). For a procedural due

process claim, a plaintiff must show that the state deprived him of a constitutionally protected interest without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).[2]

Here, Plaintiff gives only a conclusory statement that there were violations of due process and equal protection, but provides no additional supporting details. (Doc. 1, p. 1). Because "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)," *Palda v. General Dynamic Corp.*, 47 F.3d 872, 875 (7th Cir. 1995); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971 (7th Cir. 1999), Counts 4 and 5 are dismissed without prejudice.

## SUPPLEMENTAL STATE LAW CLAIMS

In addition to the constitutional law claims, Plaintiff also asserts claims under Illinois state law. Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). Plaintiff's state law claims of assault, battery, intentional infliction of emotional distress, official misconduct, and negligence arise out of the same events occurring on April 23, 2017, that gave rise to his federal claims. As such, the Court will exercise supplemental jurisdiction over these additional state law claims and screen them accordingly.

---

[2]To the extent Plaintiff is bringing a substantive due process claim for the physical assault by corrections officers, the Court will examine that claim under Count 1 excessive force in violation of the Eighth Amendment. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (where a claim is covered by a more specific constitutional provision, such as the Eighth Amendment, the Supreme Court has held that the claim must be analyzed under the standard appropriate to that specific provision instead of substantive due process).

6

## COUNT 6

In the Complaint, Plaintiff alleges assault and battery against all Defendants. Specifically, he cites to Illinois criminal statute 720 ILCS § 5/12-4 in association with his battery claim, but also alleges the torts of assault and battery. (Doc. 1, pp. 1, 9). Plaintiff cannot bring criminal charges in the context of a civil rights suit. To the extent, however, that he wishes to assert tort claims for assault and battery, these state law claims are based on the on the same facts that support the excessive force claim of Count 1, and therefore Plaintiff may proceed with Count 6. *See e.g. Shea v. Winnebago Cty. Sheriff's Dep't*, 746 F. App'x 541, 547 (7th Cir. 2018) (discussing assault and battery under Illinois law).

## COUNT 7

As with Count 6, Plaintiff's claim of intentional infliction of emotional distress under Illinois law is based on the same set of allegations as his Eighth Amendment excessive force claim in Count 1. Liberally construing the facts as presented by Plaintiff, these allegations are sufficient to support claim of intentional infliction of emotional distress. *See* e.g., *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) and *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006) (discussing intentional infliction of emotional distress under Illinois law); Accordingly, Count 7 survives screening.

## COUNT 8

Plaintiff's claim of official misconduct is brought under Illinois criminal statute 720 ILCS § 5/33-3. As mentioned in Count 6, this is a criminal statute that does not provide a private right of action or civil remedy. Accordingly, Plaintiff has failed to state a claim under this statute, and Count 8 is dismissed from this action.

## COUNT 9

In order to state a claim for negligence under Illinois law, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)).

The Complaint fails to state a negligence claim against Defendants. Other than stating that he alleges the tort of negligence, *see* Doc. 1 p. 1, Plaintiff provides no further explanation of this claim, notably what duty Defendants owed him. Again, conclusory statements, such as those pertaining to negligence, do not meet the pleading standards set forth in *Twombly* and Rule 8, FED. R. CIV. P. *See Twombly,* 550 U.S. at 555. Accordingly, Count 9 shall be dismissed without prejudice.

## IDENTIFICATION OF UNKNOWN DEFENDANT

As previously noted, Plaintiff will be allowed to proceed with Counts 1, 2, 3, 6, and 7 against Corrections Officer John Doe, but this defendant must be identified with particularity before service of the Complaint can be made. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this individual. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Acting Warden of Menard, Frank Lawrence, will be added to the docket in his official capacity only and shall be responsible for responding to discover aimed at identifying the unknown defendant. Once the name of Defendant Corrections Officer John Doe is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## REQUEST FOR INJUNCTIVE RELIEF

In addition to money damages, Plaintiff states that he wants injunctive relief against Defendants, who at the time of the physical assault were employed at Menard. (Doc. 1, pp. 1, 9). Plaintiff states that he is now incarcerated at Pontiac Correctional Center, however, and he does not assert that he will be retransferred back there. *Id.* at p. 2. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred," and these allegations of retransfer "may not be based on mere speculation." *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996). Accordingly, Plaintiff's request for injunctive relief is moot.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff appears to have made reasonable efforts to retain counsel on his own, including in his Motion three letters from attorneys denying his application for counsel. (Doc. 3, pp. 5-7). But the Court finds that Plaintiff is competent to litigate this matter without representation at this time. Although Plaintiff claims that he is unable to represent himself due to little education, knowledge of the law, and limited access to the law library, Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. The claims in this case are straightforward and involve factual material that is already available to Plaintiff or can be accessed with relative ease through discovery. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that **Counts 1, 2, 3, 6,** and **7** will proceed against **Ziegler, Roundtree, Eisenhouer, Webb,** and **John Doe.**

**IT IS FURTHER ORDERED** that **Counts 4, 5, 8,** and **9** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that all claims for injunctive relief are **MOOT**.

The Clerk is **DIRECTED** to **ADD** the Acting Warden of Menard Correctional Center, **FRANK LAWRENCE,** in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown corrections officer.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Ziegler, Roundtree, Eisenhouer, Webb,** and **Lawrence** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 13, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.