## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:19-cv-00074-GCS** |
| ) | |
| **RYAN ZIEGLER, DONALD** ) | |
| **ROUNDTREE, BRYAN** ) | |
| **EISENHOUER, and JOHNATHAN** ) | |
| **WEBB,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On January 24, 2019, Plaintiff Mark Smith, *pro se*, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently housed at Pontiac Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 9). According to the Complaint, while Plaintiff was housed at Menard Correctional Center on April 23, 2017, Defendants Zeigler, Roundtree, Eisenhour, and Webb physically assaulted Plaintiff after escorting him to the Health Care Outpatient Unit ("HCU"). (Doc. 9, p. 2). In connection with this incident, Plaintiff brings nine counts against the defendants alleging the use of excessive force and deliberate indifference to his serious medical needs in violation of the Eighth Amendment, as well as state law

claims for assault and battery and intentional infliction of emotional distress. *Id*. at p. 2-3.

Now pending before the Court is Defendants' September 8, 2021 motion for summary judgment on the issue of Plaintiff's Eighth Amendment deliberate indifference claims (Count II of Plaintiff's complaint). (Doc. 44). The Court directed Plaintiff to respond to the motion within thirty days, or by October 8, 2021. (Doc. 45). On October 13, 2021, Plaintiff stated that he had not received a copy of Defendants' motion, and requested additional time to respond. (Doc. 46). The Court therefore extended the deadline to November 14, 2021. (Doc. 47). On November 15, 2021, Plaintiff requested an additional extension, which the Court granted, making the deadline January 14, 2022. (Doc. 49). Plaintiff then requested an additional extension of time, and the Court granted Plaintiff until April 20, 2022, warning that additional extensions would be unlikely. (Doc. 52). Nevertheless, when Plaintiff failed to timely respond, the Court again extended the deadline up to and including May 20, 2022, warning Plaintiff that the failure to respond may result in judgment being entered in favor of Defendants and against Plaintiff. (Doc. 53). As of this date, Plaintiff has not responded to the motion for summary judgment. For the following reasons, Defendants' motion for summary judgment is **GRANTED**.

Though the court is not to act as an advocate, when considering a *pro se* plaintiff's claim, the court should nevertheless take appropriate measures to permit the adjudication of such claims on the merits, rather than dismissing the claims for technical reasons. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996).

However, the Court notes that Plaintiff has been repeatedly warned of the consequences of failing to respond to motions or court orders in this case.

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has approximately 108 cases before it. The expedient resolution of both this case, and the numerous other cases on this Court's docket require that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines.

As stated before, Plaintiff has not responded to the motion despite being warned of the consequences, and the time to respond to the motion has passed. The Court considers Plaintiff's failure to respond as an admission of the merits of the motion filed by Defendants. *See* SDIL Local Rule 7.1(c)(1); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Specifically, Defendants assert that Plaintiff's injuries, including swollen eyes and a puffed lip, are easily explained by officers spraying mace in his cellhouse during an assault by an inmate against an officer, rather than by an alleged assault against Plaintiff. (Doc. 44, p. 9). Defendants also point out that Plaintiff received medical care a mere five

minutes after the alleged assault, demonstrating timely medical care to Plaintiff's *de minimis* injuries. *Id*. at p. 10.

A prisoner seeking to establish that the medical care he received in prison was so insufficient as to violate his Eighth Amendment rights must prove that: (1) he had an objectively serious medical need, and (2) the defendant prison official was deliberately indifferent to that need. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). *See also Greeno v. Daley*, 414 F.3d 645, 652-653 (7th Cir. 2005); *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996); *Thomas v. Walton*, 461 F.Supp.2d 786, 793 (S.D. Ill. 2006). In order to find that a defendant was deliberately indifferent, there must be a condition that required treatment, knowledge on the part of the health care provider of an excessive risk to health or safety, and a decision to disregard that risk. *See Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994)(citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Taking the Defendants allegations as true, the Court finds that Plaintiff did not demonstrate a serious medical need to which Defendants were deliberately indifferent because his injuries were *de minimis*, and he received prompt medical attention.

For the foregoing reasons, the Motion for Summary Judgment is **GRANTED**. Count II of Plaintiff's complaint is **DISMISSED**. Plaintiff's remaining claims for excessive force, (Count I), failure to protect (Count III), due process violations (Count IV), equal protection violations (Count V), assault and battery (Count VI), intentional infliction of emotional distress (Count VII), official misconduct (Count VIII), and negligence (Count IX) remain.

IT IS SO ORDERED.

DATED: May 26, 2022.

Digitally signed
by Judge Sison 2
Date: 2022.05.26
13:24:23 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**